[Cite as *Chamberlain v. Ohio Dept. of Job & Family Servs.*, 2022-Ohio-2505.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JARED B. CHAMBERLAIN, Special Administrator of the Estate of Gary Boseman, | : | APPEAL NO. C-210540 <br> TRIAL NO. A-2000694 |
| | : | |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, | : | |
| | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 22, 2022S

*sb2 inc.* and *Amy C. Baughman*, for Plaintiff-Appellant,

*Dave Yost*, Ohio Attorney General, and *Angela M. Sullivan*, Principal Assistant Attorney General, for Defendant-Appellee.

**WINKLER, Judge.**

{¶1} This is an administrative appeal from a decision of appellee the Ohio Department of Job and Family Services ("ODJFS") denying an unpaid past medical expense request of appellant Jared Chamberlain, special administrator of the estate of Gary Boseman. Boseman, a Medicaid recipient, could not pay the entirety of his patient liability to the long-term care facility in which he resided because of a federal tax levy garnished from his income. Chamberlain argues that Boseman's unpaid patient liability should have been subtracted from Boseman's future patient liability as an unpaid past medical expense, and that ODJFS erred in denying Boseman's request. We agree with ODJFS's denial, and we affirm the judgment of the trial court.

## Background

{¶2} Boseman lived in the long-term care facility Indianspring of Oakley, and he had been a Medicaid recipient since 2015. As a Medicaid recipient, Boseman was responsible for paying part of the cost of his care in the nursing facility, if he had the income to do so (known as "share of costs" or "patient liability"). Boseman's only source of income was Social Security.

{¶3} In 2019, Indianspring's Medicaid liaison sent an email to the Hamilton County Department of Job and Family Services ("HCJFS") and requested a future adjustment to Boseman's monthly share of costs in the amount of $7,599.60 because of an unpaid past medical expense. Boseman's unpaid past medical bill related to an unpaid portion of Boseman's share of costs at Indianspring from October 2016 to September 2019. A HCFJS employee denied Boseman's request by email and stated that unpaid patient liability could not qualify as an unpaid past medical expense. HCJFS did not reference any regulations to support its position and did not send a

notice of the denial to Boseman himself. Indianspring, as an authorized representative on behalf of Boseman, filed an appeal to ODJFS and requested a hearing.

{¶4} At the ODJFS hearing, the HCJFS employee who had sent the denial email testified that an individual's past due share of costs cannot be an unpaid past medical expense. Indianspring's representative testified that Boseman was admitted to Indianspring on September 30, 2016, and that he had been approved for Medicaid benefits. Boseman had been paying his patient liability based on his Social Security income; however, a federal tax levy resulted in a garnishment of $231.15 from Boseman's Social Security check, and therefore a discrepancy existed between Boseman's patient liability amount and the net income Boseman actually received from Social Security.

{¶5} The ODJFS hearing officer concluded that HCJFS had correctly denied Boseman's request to reduce his patient liability because of an unpaid patient liability in the amount of $7,599.60. The hearing officer also concluded that HCJFS's failure to give proper notice of its denial was error, but it was de minimis. Boseman appealed the state hearing officer's decision to the ODJFS director. The ODJFS director upheld the hearing officer's decision.

{¶6} Boseman appealed ODJFS's denial to the Hamilton County Court of Common Pleas as provided by R.C. 5101.35. The magistrate determined that Boseman's interpretation of the Medicaid regulations would lead to an "absurd result" because an individual could refuse to pay patient liability and later request reimbursement as an unpaid past medical expense, thereby effectively negating any patient liability. The magistrate also held that any defects in HCJFS's denial notice

were not prejudicial to Boseman. Boseman filed objections, and the trial court overruled the objections, and adopted the magistrate's decision.

{¶7} Boseman appealed the trial court's decision to this court. Boseman died in January 2022, and Chamberlain was substituted as appellant.

## HCJFS's Defective Notice

{¶8} In his first assignment of error, Chamberlain argues that the trial court erred in upholding HCJFS's denial of Boseman's unpaid past medical expense request, because HCJFS's email to Indianspring was defective notice. In his second assignment of error, Chamberlain argues that the trial court should have reversed ODJFS's decision, which found the defective notice issue "moot."

{¶9} Chamberlain argues that HCJFS violated Ohio Adm.Code 5101:6-2-03(A), which provides:

When the agency denies an application for or a requested change in public assistance or social services, the assistance group shall be provided prompt written notice of the decision.

(1) The notice shall contain:

(a) A clear and understandable statement of the action the agency has taken and the reasons for it.

(b) Citations of the applicable regulations.

(c) An explanation of the individual's right to and the method of obtaining a county conference and a state hearing.

(d) A telephone number to call about free legal services.

(2) The JFS 07334 "Notice of Denial of Your Application for Assistance" (rev. 9/2011), or its computer-generated equivalent, shall be used.

4

{¶10} Chamberlain also argues that HCJFS failed to abide by federal Medicaid regulations, which require the agency to issue a notice of its decision, along with specific reasons and supporting law, and give notice of the right to a state hearing and information on how to request one. *See* 42 C.F.R. 431.206(c); 42 C.F.R. 431.210.

{¶11} ODJFS argues that, despite the defective notice, Boseman was given a state hearing and his counsel declined to request a continuance, and Boseman suffered no prejudice as the result of the defective notice. The record shows that Boseman was represented by counsel at every level of the administrative review process. Boseman was afforded a state hearing and at no point did Boseman's counsel seek a continuance. The record belies any notion that Boseman's counsel was unprepared to move forward with Boseman's case at the hearing. Therefore, no prejudice resulted to Boseman because of the defective notice. *See, e.g.*, *Wells ex rel. Wells v. Ohio Dept. of Job & Family Servs.*, 5th Dist. Fairfield No. 2005-CA-86, 2006-Ohio-4443, ¶ 42 (rejecting appellant's claim of prejudice as the result of defective notice where counsel declined a continuance and ably represented appellant in the state hearing).

{¶12} Chamberlain also argues that ODJFS erred in determining that the defective notice issue was moot. In ODJFS's decision denying Boseman's request for unpaid past medical expenses, ODJFS recognized that HCJFS had failed to send proper notice; however, ODJFS determined that Boseman had an opportunity to be heard regarding the matter, and that HCJFS's failure to send proper notice is "moot." As determined by the trial court, the defective notice issue is not technically moot; however, Boseman had a full and fair administrative hearing while represented by counsel, and therefore Boseman has not shown any prejudice resulting from the defective notice.

{¶13} Therefore, we overrule Chamberlain's first and second assignments of error regarding HCJFS's defective notice.

### Unpaid Patient Liability as Unpaid Past Medical Expense

{¶14} In Chamberlain's third assignment of error, he argues that the trial court erred in failing to hold that ODJFS had incorrectly denied Boseman's unpaid past medical expense request. In his fourth assignment of error, Chamberlain argues that no code or regulation specifically precludes Boseman's request, and so ODJFS cannot arbitrarily deny his request.

{¶15} Ohio Adm.Code 5160:1-6-07 sets forth how to calculate an institutionalized individual's patient liability. Patient liability is calculated using the individual's gross monthly income, which includes Social Security payments. *See* Ohio Adm.Code 5160:1-6-07(F)(1). Certain health-care costs can then be subtracted from the institutionalized individual's patient liability under Ohio Adm.Code 5160:1-6-07(F)(6), including:

> (b) The cost of any of the institutionalized individual's incurred expenses for medical care, recognized under Ohio law, but not covered by medicaid and not subject to third-party payment. These unpaid past medical expenses, and any request to subtract such expenses from the patient liability, must meet the following criteria:
>
> > (i) The service must have been medically necessary as determined by the administrative agency.
> >
> > (ii) Expenses for medical care shall not have been incurred while serving a restricted medicaid coverage period (RMCP) per rule 5160:1-6-06.5 of the Administrative Code. Expenses that were

6

incurred while serving an RMCP shall not count as unpaid past expenses and shall not be subtracted from the patient liability calculation.

{¶16} Chamberlain asserts that Boseman's unpaid share of costs owed to Indianspring is an unpaid past medical expense under the plain language of Ohio Adm.Code 5160:1-6-07(F)(6).

{¶17} Courts apply the same rules of construction in interpreting administrative regulations as they do in interpreting statutory provisions. *In re A.J.*, 148 Ohio St.3d 218, 2016-Ohio-8196, 69 N.E.3d 733, ¶ 19. Unambiguous statutory language should be applied as written without resorting to rules of statutory interpretation. *Gabbard v. Madison Local School Dist. Bd. of Edn.*, 165 Ohio St.3d 390, 2021-Ohio-2067, 179 N.E.3d 1169, ¶ 13. An exception to the plain-meaning rule in statutory construction exists where the plain language of the statute produces an absurd result. *State ex rel. Clay v. Cuyahoga Cty. Med. Examiner's Office*, 152 Ohio St.3d 163, 2017-Ohio-8714, 94 N.E.3d 498, ¶ 26 (plurality opinion).

{¶18} We are not convinced by Chamberlain's argument that a patient's unpaid share of costs owed to a nursing facility qualifies as an unpaid past medical expense under the plain language of Ohio Adm.Code 5160:1-6-07(F)(6). An unpaid medical expense cannot be covered by Medicaid as provided by Ohio Adm.Code 5160:1-6-07(F)(6)(b), and Boseman's residential treatment at Indianspring was covered by Medicaid, albeit subject to Boseman's share of costs. Moreover, as determined by the trial court, Chamberlain's argument that unpaid patient liability qualifies as an unpaid past medical balance under Ohio Adm.Code 5160:1-6-07(F)(6) would lead to an absurd result. Following Chamberlain's argument, patients could fail

to pay their share of costs to the nursing facility, and later claim it as an unpaid medical expense, rendering the patient-liability obligation meaningless.

{¶19} Furthermore, statutory language "must be considered as a whole." *Electronic Classroom of Tomorrow v. Ohio Dept. of Edn.*, 154 Ohio St.3d 584, 2018-Ohio-3126, 118 N.E.3d 907, ¶ 11. In other words, " 'a court cannot pick out one sentence and disassociate it from the context, but must look to the four corners of the enactment to determine the intent of the enacting body.' " *Id.*, quoting *State v. Wilson*, 77 Ohio St.3d 334, 336, 673 N.E.2d 1347 (1997).

{¶20} Ohio Adm.Code 5160:1-6-07(D) provides that "[p]atient liability must be recalculated when there is a change in circumstances that affects the patient liability amount." Therefore, the code contemplates that an individual may have a change in income that affects the patient-liability amount. According to the hearing transcript, the hearing officer asked the HCJFS employee if Boseman had ever contacted the agency regarding a reduction in income, and the employee responded in the negative. Boseman's attorney then clarified that Social Security had been deducting the federal tax levy from Boseman's payments even prior to Medicaid eligibility, and that he had a prior appeal with respect to the patient-liability amount.

{¶21} Therefore, the trial court properly upheld ODJFS's denial of Boseman's request for an unpaid past medical expense.

{¶22} We overrule Chamberlain's third and fourth assignments of error.

### Conclusion

{¶23} We affirm the judgment of the trial court.

Judgment affirmed.

**MYERS, P.J.,** and **BOCK, J.,** concur.

Please note:

> The court has recorded its own entry on the date of the release of this opinion.