[Cite as *Olentangy Local School Dist. Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 2023-Ohio-3984.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| OLENTANGY LOCAL SCHOOL BOARD OF EDUCATION | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. John W. Wise, J. |
| Appellant | : | Hon. Andrew J. King, J. |
| | : | |
| -vs- | : | |
| | : | |
| DELAWARE COUNTY BOARD OF REVISION, ET AL. | : | Case Nos.  23 CAH 01 0003 |
| | : | 23 CAH 01 0004 |
| | : | |
| Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeals from the Ohio Board of Tax Appeals, Case Nos. 2022-1277 and 2022-1661

JUDGMENT:        Reversed and Remanded

DATE OF JUDGMENT:        November 2, 2023

APPEARANCES:

For Appellant

MARK H. GILLIS
KELLEY A. GORRY
5747 Perimeter Drive, Suite 150
Dublin, OH  43017

For Caldera House

MATTHEW S. ZEIGER
LAUREN P. RUBIN
3500 Huntington Center
41 South High Street
Columbus, OH  43215

For Ohio Tax Commissioner

DAVID A. YOST
30 East Broad Street, 17th Floor
Columbus, OH  43215

For Board of Revision and Auditor

MICHAEL P. CAVENAUGH
145 North Union Street, 3rd Floor
P.O. Box 8006
Delaware, OH  43015

For Hidden Springs & Dooley's

GARY B. GITLITZ
5003 Horizons Drive, Suite 100
Columbus, OH  43220

SHERI BURKE
3895 Stoneridge Lane
Dublin, OH  43017

*King, J.*

{¶ 1}　Appellant, Olentangy Local School District Board of Education, appeals the December 29, 2022 decision and order (Case No. 2022-1661) and the January 4, 2023 decision and order (Case No. 2022-1277) of the Ohio Board of Tax Appeals ("BTA"), dismissing its appeals. Appellees are the Delaware County Board of Revision, the County Auditor, and the Ohio Tax Commissioner, and Caldera House, LLC (Case No. 2022-1661) and Hidden Springs Development and Dooley's Orchard Limited Partnership (Case No. 2022-1277). We reverse the Board of Tax Appeals in each case.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}　In 2022, Hidden Springs filed a complaint with the board of revision seeking a reduction of its property value to $2,900,000 (Case No. 2022-1277) for tax year 2021. The school board sought to retain the original value of $3,422,800. A hearing was held on June 21, 2022. On July 26, 2022, the board of revision reduced the property's value to $2,900,000.

{¶ 3}　Also in 2022, the school board filed a complaint with the board of revision seeking an increase in the value of property owned by Caldera House (Case No. 2022-1661) for tax year 2021. The school board sought a $27,500,000 valuation. A hearing was held on August 29, 2022. On September 15, 2022, the board of revision increased the value to the requested amount for tax year 2021. On September 21, 2022, the board of revision issued a "corrected" decision and retained the property's original valuation of $14,100,000 for tax year 2021.

{¶ 4}　While these cases were pending, the General Assembly passed 2022 Am.Sub.H.B. No. 126 ("H.B. 126"), amending R.C. 5717.01 which now precludes a school

board's ability to appeal a property valuation decision on property it does not own or lease. The effective date of the act was July 21, 2022.

{¶ 5}   The school board appealed both decisions to the BTA after July 21, 2022. By decisions and orders filed December 29, 2022 (Case No. 2022-1661) and January 4, 2023 (Case No. 2022-1277), the BTA dismissed the appeals under its prior decision in *North Ridgeville City Schools Board of Education v. Lorain County Board of Revision,* BTA No. 2022-1152, 2022 WL 16725740 (Oct. 31, 2022).  In *North Ridgeville,* the BTA concluded R.C. 5717.01, as amended by H.B. 126, effective July 21, 2022, precluded a board of education from appealing a board of revision's decision on the valuation of property the board of education did not own or lease.  Because *North Ridgeville* filed the appeals after July 21, 2022 and did not own or lease the subject properties, the BTA found it lacked jurisdiction to entertain the appeals filed by the school board.

{¶ 6}   The school board filed an appeal in each case with the following identical assignments of error:

I

{¶ 7}   "THE DECISION IS UNREASONABLE AND UNLAWFUL BECAUSE THE BTA RELIED SOLELY UPON ITS ERRONEOUS DECISION IN *NORTH RIDGEVILLE CITY SCHOOLS BOARD OF EDUCATION V. LORAIN CTY. BD. OF REVISION, ET AL.,* BTA NO. 2022-1152, 2022 OHIO TAX LEXIS 2518 (OCT. 31, 2022) (*"NORTH RIDGEVILLE"*)."

II

{¶ 8}   "THE DECISION IS UNREASONABLE AND UNLAWFUL BECAUSE IN *NORTH RIDGEVILLE*, THE BTA IGNORED THE PLAIN MEANING OF UNAMBIGUOUS WORDS THE GENERAL ASSEMBLY USED IN THE REVISIONS TO R.C. 5717.01."

III

{¶ 9}   "THE BTA COMMITTED LEGAL ERROR IN *NORTH RIDGEVILLE* BY FAILING TO RECOGNIZE THAT THE GENERAL ASSEMBLY'S USE OF THE PHRASE 'A SUBDIVISION THAT FILES' IN R.C. 5717.01 AS THE OPERATIVE LANGUAGE IN PRESENT TENSE APPLIES PROSPECTIVELY ONLY [TO] PRESENT AND FUTURE ACTIONS AND DOES NOT INCLUDE PAST ACTIONS."

IV

{¶ 10} "THE DECISION IS UNREASONABLE AND UNLAWFUL BECAUSE THE BTA FAILED TO APPLY THE RULES OF GRAMMAR AND VIOLATED THE RULES OF STATUTORY CONSTRUCTION IN *NORTH RIDGEVILLE* IN INTERPRETING THE PRESENT TENSE LANGUAGE IN R.C. 5717.01 AS INCLUDING ANY COMPLAINTS FILED PRIOR TO THE EFFECTIVE DATE OF THE LEGISLATION."

V

{¶ 11} "THE BTA COMMITTED LEGAL ERROR IN *NORTH RIDGEVILLE* AFTER CORRECTLY DETERMINING THAT THE REVISIONS TO R.C. 5717.01 ARE CLEAR AND UNAMBIGUOUS BUT THEN UTILIZING THE GENERAL ASSEMBLY'S PERCEIVED LEGISLATIVE INTENT AS SUPPORT FOR ITS INTERPRETATION OF THE REVISIONS DIRECTLY INCONSISTENT WITH THE ACTUAL WORDS USED BY THE GENERAL ASSEMBLY."

VI

{¶ 12} "THE BTA COMMITTED LEGAL ERROR IN *NORTH RIDGEVILLE* BY REWRITING THE LANGUAGE OF THE REVISIONS TO R.C. 5717.01 AS FOLLOWS: 'EXCEPT THAT A SUBDIVISION WITH RESPECT TO PROPERTY THE SUBDIVISION DOES NOT OWN OR LEASE MAY NOT APPEAL THE DECISION OF THE BOARD OF REVISION.' "

VII

{¶ 13} "THE DECISION IS UNREASONABLE AND UNLAWFUL AS THE BTA FAILED TO RECOGNIZE IN *NORTH RIDGEVILLE* THAT THE GENERAL ASSEMBLY'S RETENTION OF THE FORMER APPEAL RIGHT IN R.C. 5717.01 FOR ANY 'BOARD, LEGISLATIVE AUTHORITY, PUBLIC OFFICIAL' AUTHORIZED TO FILE COMPLAINTS PURSUANT TO R.C. 5715.19 IN THE REVISIONS TO R.C. 5717.01 PRESERVES THE EXISTING APPEAL RIGHTS OF THOSE ENTITIES FOR ANY COMPLAINT FILED PRIOR TO THE EFFECTIVE DATE OF THE REVISIONS."

VIII

{¶ 14} "THE BTA COMMITTED LEGAL ERROR IN *NORTH RIDGEVILLE* BY CONCLUDING THAT THE REVISIONS TO R.C. 5717.01 DID NOT INCORPORATE THE NEW DEFINITIONS OF 'SUBDIVISION' [OR RATHER 'LEGISLATIVE AUTHORITY OF A SUBDIVISION'], 'ORIGINAL COMPLAINT' AND 'COUNTER-COMPLAINT' FROM REVISED R.C. 5715.19, EFFECTIVE FOR TAX YEAR 2022, WHEN THE PLAIN MEANING OF THE LANGUAGE USED BY THE GENERAL ASSEMBLY IN THE REVISIONS TO R.C. 5717.01 CLEARLY AND UNAMBIGUOUSLY INCORPORATES THESE DEFINITIONS."

IX

{¶ 15} "THE DECISION IS UNREASONABLE AND UNLAWFUL BECAUSE THE BTA HELD IN *NORTH RIDGEVILLE* THAT THE NEW DEFINITIONS IN R.C. 5715.19, EFFECTIVE FOR TAX YEAR 2022, HAD NO NEW MEANING WHEN THE GENERAL ASSEMBLY RETAINED THE TERMS 'BOARD', 'LEGISLATIVE AUTHORITY', 'PUBLIC OFFICIAL', AND 'COMPLAINTS' FROM FORMER R.C. 5717.01 IN THE REVISIONS TO R.C. 5717.01."

X

{¶ 16} "THE BTA ERRED IN *NORTH RIDGEVILLE* IN CONCLUDING THAT 'JURISDICTION IS NOT CONFERRED ON APPEAL MERELY BECAUSE THE UNDERLYING CAUSE OF ACTION WAS VALIDLY FILED' WHEN APPELLANT BOARD OF EDUCATION NEVER ARGUED THAT THE RIGHT TO APPEAL WAS VESTED IN A VALIDLY FILED COMPLAINT."

XI

{¶ 17} "THE BTA ERRED IN *NORTH RIDGEVILLE* BY COMPARING THE REVISIONS TO R.C. 5717.01 TO THE REVISIONS TO 5717.04 BECAUSE THE LANGUAGE THE GENERAL ASSEMBLY USED IN THE REVISIONS TO 5717.04 IS NOT EVEN REMOTELY COMPARABLE TO THE WORDS THE GENERAL ASSEMBLY USED IN THE REVISIONS TO R.C. 5717.01."

{¶ 18} All of the assignments of error reduce down to a single issue: Did the BTA properly apply the amended version of R.C. 5717.01 in finding the effective date, July 21, 2022, precluded school boards from filing appeals to the BTA involving property it did not own or lease after that date even though the original complaint and/or counter-complaint was filed prior to the effective date? We answer in the negative. We note that our

colleagues from the Third and Tenth District have reviewed this issue. They too have determined that the BTA erred in its decision. *Marysville Exempted Village School Board of Education v. Union County Board of Revision,* 3d Dist. Union No. 14-23-03, 2023-Ohio-2020, 218 N.E.3d 217; *New Albany-Plain Local Schools Boards of Education v. Franklin County Board of Revision,* 10th Dist. Franklin Nos. 22AP-732, 22AP-733, 22AP-738, 22AP-743, 22AP-744, 22AP-746, 22AP-747, 22AP-748, 22AP-749, 22AP-750, 22AP-751, 2023-Ohio-3806.

{¶ 19} We now turn to our analysis.

{¶ 20} In *O'Keeffe v. McClain,* 166 Ohio St.3d 25, 2021-Ohio-2186, 182 N.E.3d 1108, ¶ 12, the Supreme Court explained the applicable standard of review as follows:

> We review BTA decisions to "determine whether they are reasonable and lawful." *Grace Cathedral, Inc. v. Testa*, 143 Ohio St.3d 212, 2015-Ohio-2067, 36 N.E.3d 136, ¶ 16, citing R.C. 5717.04. "The standard for conducting that review ranges from abuse of discretion, which applies when we are asked to reverse the BTA's determination regarding the credibility of witnesses, to de novo review of legal issues." *Id.*

{¶ 21} Because these appeals turn on the statutory interpretation of amended R.C. 5717.01, our review is de novo. *Progressive Plastics, Inc. v. Testa*, 133 Ohio St.3d 490, 2012-Ohio-4759, 979 N.E.2d 280, ¶ 15 ("A dispute over the meaning of statutes presents a question of law, and our review in that regard is not deferential but de novo"). If we find the BTA's decision to be "reasonable and lawful" we shall affirm, if we find the decision to

be "unreasonable or unlawful" we shall reverse and vacate the decision or modify it.  R.C. 5717.04.

{¶ 22} We begin by recalling that when evaluating the meaning of a statute, our task is to determine the legislative intent.  *State v. Hollingshead*, 5th Dist. Muskingum No. CT2022-0032, 2023-Ohio-1714, 214 N.E.3d 1233, ⁋ 15, quoting *Electronic Classroom of Tomorrow v. Ohio Department of Education*, 154 Ohio St.3d 584, 2018-Ohio-3126, 118 N.E.3d 907. ⁋ 11.  The best way to determine this intent is to examine the text passed by the legislature.  To avoid misconstruing the legislature, we usually consider the enactment or statute as a whole, rather than piecemeal.  *Look Ahead America v. Stark County Board of Elections*, 5th Dist. Stark No. 2022-CA-00152, 2023-Ohio-249, ¶ 21.   And when evaluating the legislation at issue, we seek to give the text its ordinary meaning.  *Id.*  We now to turn to the statute and the act amending it.

{¶ 23} H.B. 126, effective July 21, 2022, contained three sections.  Section 1 amended three statutes: R.C. 4503.06, R.C. 5715.19, and R.C. 5717.01; Section 2 repealed the existing versions of those statutes; and Section 3 provided a time for when certain amendments to R.C. 5715.19 were to be applied.  The amendment to R.C. 5715.19, except for subsection (I), "applies to any original complaint or countercomplaint, as those terms are defined in that section, filed for tax year 2022 or any tax year thereafter."  2022 Am.Sub.H.B. No. 126, Section 3(A).

{¶ 24} The statute at issue is R.C. 5717.01.  Original valuation complaints are filed with the board of revision under R.C. 5715.19; R.C. 5717.01 governs appeals from the board of revision to the BTA.  It is undisputed the amendments became effective on July 21, 2022, and the appeals in these cases were filed after the effective date.  The issue is

whether the amendments preclude the school board from filing the appeals to the BTA, given that the original complaints and counter-complaints were filed before July 21, 2022, but the appeals to the BTA were filed after the effective date.

{¶ 25} Prior to July 21, 2022, R.C. 5717.01 stated: "Such an appeal may be taken by the county auditor, the tax commissioner, or any board, legislative authority, public official, or taxpayer authorized by section 5715.19 of the Revised Code to file complaints against valuations or assessments with the auditor." The amendment placed a comma after "auditor" and added: "except that a subdivision that files an original complaint or counter-complaint under that section with respect to property the subdivision does not own or lease may not appeal the decision of the board of revision with respect to that original complaint or counter-complaint." Therefore, a school board, as a subdivision, who does not own or lease the property in question, can no longer lawfully file an appeal with the BTA.

{¶ 26} In the appeals sub judice, the school board argues the BTA's decision in *North Ridgeville,* the basis of the decisions, was an erroneous interpretation and a misapplication of amended R.C. 5715.19 and 5717.01. We agree.

{¶ 27} In *North Ridgefield,* the original valuation complaint was filed before July 21, 2022, on property the school board did not own or lease. Following a decision by the board of revision, the school board filed an appeal, but after the effective date of the amendment. The BTA dismissed the appeal for lack of jurisdiction because the school board did not own or lease the property and was therefore precluded from filing an appeal by operation of the amended language. The BTA examined the legislative history of the amended language and concluded the effective date was July 21, 2022, stressing "our

holding is entirely based on the straightforward application of an unambiguous law." *North Ridgefield* at *3. The BTA noted, "strict compliance with R.C. 5717.01 is essential to vest jurisdiction with this board, and since the record demonstrates that this appeal was filed by a party not authorized to do so, we must conclude that the Board of Tax Appeals does not have jurisdiction to consider the merits of the instant matter." (Emphasis sic.) *Id.* at *5.

{¶ 28} Upon a de novo review, we find the BTA's decision to be erroneous. The Tenth District observed that the right to appeal under R.C. 5717.01 was no longer unqualified. *New Albany-Plain Local Schools Boards of Education v. Franklin County Board of Revision,* 10th Dist. Franklin Nos. 22AP-732, 22AP-733, 22AP-738, 22AP-743, 22AP-744, 22AP-746, 22AP-747, 22AP-748, 22AP-749, 22AP-750, 22AP-751, 2023-Ohio-3806, ¶ 28-30. After the repeal and re-enactment of R.C. 5717.01, school boards are prohibited from filing appeals on original complaints or counter-complaints regarding property the boards neither own or rent. *Id.*

{¶ 29} In analyzing this change, the Tenth District quoted and considered this principle at ¶ 32: " ' "When an existing statute is repealed and a new statute upon the same subject enacted to include an amendment, as in this case, it is presumed the Legislature intended to change the effect and operation of law to the extent of change in the language thereof." ' " *Greenville Law Library Association v. Village of Ansonia,* 33 Ohio St.2d 3, 6, 292 N.E.2d 880 (1973), quoting *Malone* v. *Industrial Commission,* 140 Ohio St. 292, 299, 43 N.E.2d 266, 270 (1942). Because the General Assembly removed the right to appeal from a school board that "files an original complaint or counter-complaint * * * with respect to that original complaint or counter-complaint," the Tenth

District concluded the right to appeal from complaints filed under the prior enactment was unaffected by the revision. *New Albany* at ¶ 35.

{¶ 30} That analysis leads to the same result here. The complaints from which the appeals were sought were filed under the prior version of R.C. 5715.19. Neither the codified nor the uncodified language deemed complaints filed under the prior version of the statute as either an "original complaint" or a "counter-complaint." Consequently, the new limiting language in R.C. 5717.01 does not apply to those previously filed cases.

{¶ 31} The Third District reached the same result, but through a different analysis. It concluded that the "BTA misinterpreted the plain language of the statute and overlooked certain principles of statutory interpretation that impact the applicability of the new R.C. 5717.01" to the school board's appeals. *Marysville Exempted Village School Board of Education v. Union County Board of Revision,* 3d Dist. Union No. 14-23-03, 2023-Ohio-2020, 218 N.E.3d 217, ¶ 28.

{¶ 32} The *Marysville* panel noted the amended language was written in the present tense. *Id.* at ¶ 29. The amendment's limiting language states: "except that a subdivision *that files* an original complaint or counter-complaint under that section with respect to property the subdivision does not own or lease may not appeal the decision of the board of revision with respect to that original complaint or counter-complaint." (Emphasis added.) Under R.C. 1.42: "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." We concur with the *Marysville* panel's analysis at ¶ 30-31:

If the language used in the newly enacted prohibition on appeals was phrased in the past tense, such as "filed" or "has filed", that may have demonstrated a legislative intent that the amended statute be applied to appeals stemming from complaints or counter-complaints filed prior to the effective date of the statute. In the absence of such past-tense verbiage, however, the use of the present tense "files" indicates an intention that statute only be applied prospectively.

It is also critical to note that the indisputably present-tense phrasing used in the amendment (i.e. "a subdivision *that files*") is specifically tied by the terms of the statute to the filing of a complaint or counter-complaint, *not* to the filing of an appeal. Had the amended statute made the filing of an appeal the operative act upon which the new prohibition on appeals was conditioned, the BTA's decision might have had merit. (Emphasis sic.)

{¶ 33} The *Marysville* panel then looked "to established legal principles for guidance on the issue of the statute's applicability to the instant case." *Id.* at ¶ 32. Under R.C. 1.48: "A statute is presumed to be prospective in its operation unless expressly made retrospective." Again, we concur with the *Marysville* panel's analysis at ¶ 35-36:

In the case before us, the H.B. 126 version of R.C. 5717.01 does not expressly mention retroactivity. Put another way, there is no plain reference whatsoever in the amended statute to its applicability to appeals filed prior to the effective date of the statute or, as is the case here, to appeals in

pending actions. The General Assembly's failure to include such language means, pursuant to the authority cited above, that the amended version of R.C. 5717.01 can only be applied prospectively.

Accordingly, given the use of the present tense in the statute and absent any express evidence of intended retroactivity and/or applicability to previously pending complaints, we find that the use of the language "a subdivision *that files an original complaint or counter-complaint*" signifies a legislative intent that the amended statute be applied prospectively to appeals stemming from *complaints* filed after the July 21, 2022 effective date of the new statute, as opposed to prohibiting appeals from complaints that were filed prior to that date. (Emphasis sic.)

{¶ 34} This conclusion is also bolstered by R.C. 1.48, which requires us to presume that statutes apply prospectively. If we were to disregard both the manner in which the General Assembly repealed and replaced R.C. 5717.01 and the language it used in its amendments, then we must construe the act as to avoid improper retroactivity. Absent a legislative statement to the contrary, we are required to presume prospective application. *State v. Cook*, 83 Ohio St.3d 404, 410, 700 N.E.2d 570. Here, there is no legislative statement that would indicate retroactivity.

{¶ 35} In *North Ridgefield,* the BTA noted under Section 3 of H.B. 126, the General Assembly provided a different effective date for some of the amendments to R.C. 5715.19, and then reasoned the following: "If the General Assembly sought for the enactment to affect appeals beginning with tax year 2022, it could have done so. The

General Assembly's exclusion of R.C. 5717.01 from Section 3 demonstrates the intent for the changes to be operational on the effective date of the legislation." *North Ridgefield* at *3. But the General Assembly would have no reason to provide an alternative start date for R.C. 5717.01 given that the amended language refers to present tense filings, i.e., anything filed after the effective date.

{¶ 36} Upon review, we find the BTA's decisions to be unlawful. The amended language in R.C. 5717.01 does not apply to the school board's appeals filed in these cases. The valuation complaints and counter-complaints were filed prior to the effective date of July 21, 2022; therefore, the school board is not precluded from appealing the decisions on those valuations.

{¶ 37} Assignments of Error I, II, III, IV, VIII, and IX are granted. The remaining assignments or error are moot.

{¶ 38} The decisions and orders of the Ohio Board of Tax Appeals are hereby reversed, and the matters are remanded for further proceedings.

By King, J.

Gwin, P.J. and

Wise, J. concur.