[Cite as *State ex rel. Susier Co., L.L.C. v. New Philadelphia*, 2017-Ohio-8139.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE, EX REL., SUSIER COMPANY, LLC, ET AL. | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. John W. Wise, J. |
| Relators | Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2016AP080040 |
| CITY OF NEW PHILADELPHIA, ET AL. | O P I N I O N |
| Respondents | |

CHARACTER OF PROCEEDING:     Writ of Mandamus


JUDGMENT:     Judgment for Respondents

DATE OF JUDGMENT ENTRY:     October 6, 2017

APPEARANCES:

For Relators                                    For Respondents

SEAN A. MCCARTER                      MARVIN T. FETE
JOHN A. ALBERS                           Law Director
ASHLEY HETZEL                           138 Second St. N.W.
Albers and Albers, Attorneys at Law   New Philadelphia, Ohio 44663
88 North 5th St.
Columbus, Ohio 43215

*Hoffman, P.J.*

{¶1} Relators, Susier Company, LLC and BiGeLo, LLC, have filed a complaint for writ of mandamus requesting this Court order Respondents to provide water and sewer utility service to property located outside the city limits of New Philadelphia. Respondents have filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Because the motion presented matters outside the record, this Court converted the motion to dismiss into a motion for summary judgment.

## SUMMARY JUDGMENT STANDARD

{¶2} Civ.R. 56(C) provides before summary judgment may be granted, it must be determined (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

## MANDAMUS ELEMENTS

{¶3} "Mandamus is an extraordinary remedy 'to be issued with great caution and discretion and only when the way is clear.' *State ex rel. Taylor v. Glasser,* 50 Ohio St.2d 165, 166, 364 N.E.2d 1 (1977), citing *State ex rel. Kriss v. Richards,* 102 Ohio St. 455, 132 N.E. 23 (1921), and *State ex rel. Skinner Engine Co. v. Kouri,* 136 Ohio St. 343, 25 N.E.2d 940 (1940). A relator seeking a writ of mandamus must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent official or

governmental unit to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth,* 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. The relator must prove entitlement to the writ by clear and convincing evidence. *State ex rel. Cleveland Right to Life v. State Controlling Bd.,* 138 Ohio St.3d 57, 2013-Ohio-5632, 3 N.E.3d 185, ¶ 2." *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, 31 N.E.3d 608, ¶ 18.

## FACTS

**{¶4}**    Relators maintain they were given verbal assurance from the former mayor of the City of New Philadelphia (hereinafter "the City") that the City would provide water and sewer services to the property owned and being developed by Relators.  The property is being developed as an apartment complex and is located outside the New Philadelphia City limits.  The current mayor and planning commission have indicated they are unaware of the former mayor's alleged agreement to provide the water and sewer services.  The mayor and planning commission have indicated the services will not be provided unless the property is annexed into the City.

**{¶5}**    Relators rely on New Philadelphia Codified Ordinance 935.01 in support of their contention they are entitled to the services.  Section 935.01 provides,

**{¶6}**    935.01 NEW CONNECTIONS OUTSIDE CITY.

**{¶7}**    (a) New water or sewer or other utility hook ups shall be permitted to the utility system of the City, from outside the corporate limits of the City.

**{¶8}**    Prior to this ordinance being passed, the City's ordinance relative to utility service outside the city limits was Section 931.05 titled, "Connections Outside City Prohibited."

{¶9}    In short, the City went from prohibiting to permitting utility service outside city limits.  Relators argue the statutory language of 935.01, "shall be permitted" makes the provision of utilities outside the city limits mandatory.  Relators argue the ordinance which states "hook ups shall be permitted" means:  "hook ups must be permitted" rather than "hook ups shall be allowed."  Relators' complaint at Paragraph 9 states, "The **only** requirement for utility connections outside of the City, is that the cost of the connection be 'borne entirely by the contractor, owner or party requesting service.'"  (emphasis added).  Under Relators' interpretation of the ordinance, the City would be required to provide utility services to Cleveland, Columbus, or anywhere outside the city limits upon request.  We find Relators' interpretation could cause an absurd result.

{¶10}  A basic tenet is "statutes [are] construed to avoid unreasonable or absurd consequences." *State ex rel. Dispatch Printing Co. v. Wells,* 18 Ohio St.3d 382, 384, 481 N.E.2d 632 (1985).   Stated another way, "as a general rule of statutory construction, a "'statute should be given that construction, unless such is prohibited by the letter of the statute, which will accord with common sense and reason and not result in absurdity or great inconvenience.'" *Paulus v. Paulus*, 95 Ohio App.3d 612, 614, 643 N.E.2d 165 (1994), quoting *Kundrat v. Kundrat*, 11th Dist. Lake No. 92–L–097, 1993 WL 76243 (Feb. 26, 1993).

{¶11}  We find the ordinance is meant to permit the City to provide utilities outside the city limits if the City chooses to provide those services.  There is no genuine issue of material fact as to the meaning of the ordinance.  The ordinance can only be read to mean the City shall be allowed to provide utilities outside of the city limits.  To hold otherwise would force the City to provide utilities to any and all properties upon request without

regard to the City's interests in conserving utilities for its own citizens and businesses which would not accord with common sense and reason.

{¶12} Because Relators have failed to demonstrate by clear and convincing evidence that Respondents have a clear legal duty to provide utility hook ups, mandamus does not lie. For this reason, the motion for summary judgment is granted.


By: Hoffman, P.J.

Wise, John, J. and

Baldwin, J. concur