[Cite as *State v. Hollingshead*, 2023-Ohio-1714.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| TARA HOLLINGSHEAD, | : | Case No. CT2022-0031 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2021-0494

JUDGMENT:      Vacated

DATE OF JUDGMENT:      May 22, 2023

APPEARANCES:

For Plaintiff-Appellee

RONALD L. WELCH
Prosecuting Attorney
Muskingum County, Ohio

By: TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43701

For Defendant-Appellant

KIMBERLY BURROUGHS
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215

Amici Curiae in support of Appellant

JOYCE D. EDELMAN
L. BRADFIELD HUGHES
Porter Wright Morris & Arthur, LLP
41 South High Street, 29th Floor
Columbus, Ohio 43215-6194

*Baldwin, J.*

{¶1}   Appellant, Tara Hollingshead, appeals her conviction for violation of R.C. 2925.02(A)(5), Corrupting Another with Drugs, by the Muskingum County Court of Common Pleas. Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

{¶2}   Hollingshead was convicted of a violation of R.C. 2925.02(A)(5), the crime of "corrupting another with drugs" R.C. 2925.02(C). That section states that: "No person shall * * * [b]y any means, furnish or administer a controlled substance to a pregnant woman or induce or cause a pregnant woman to use a controlled substance, when the offender knows that the woman is pregnant or is reckless in that regard." In this case the "offender" and the "pregnant woman" are the same person. Hollingshead admitted to consuming methamphetamine while she was pregnant but argued before the trial court and in her brief that the legislative intent of the statute does not include circumstances where a pregnant woman ingests a controlled substance, but applies only when the offender and the pregnant woman are two different people.

{¶3}   Hollingshead was admitted to the hospital for a previously scheduled cesarean section. She disclosed, upon admission, that she had used controlled substances that day and the medical staff made appropriate preparations for the child and the mother.

{¶4}   After the delivery of the child, the Muskingum County Prosecutor's Office filed an indictment charging Hollingshead with a violation of R.C. 2925.02 (A)(5), Corrupting Another with Drugs. The State's position then and now has been that the language of the subsection authorized the state to prosecute a pregnant woman for

personal drug use during her pregnancy. Hollingshead moved to dismiss the charge arguing that the intent of the Legislature was not to criminalize maternal drug use. The State contended that because that section of the code did not contain the word "another" that the State did not have to prove the involvement of a person other than Hollingshead. The motion to dismiss was denied by the trial court without explanation.

{¶5}  The State presented the charges to a jury and established that Hollingshead confessed to using controlled substances during her pregnancy. She moved for acquittal under Crim.R. 29 repeating her argument that R.C. 2925.02(A)(5) did not apply to circumstances where pregnant women ingested controlled substances. That argument was rejected by the trial court, focusing on its finding that the phrase "corrupting another with drugs" appeared only in the title of the statute and that the word "another" did not appear in R.C. 2925.02(A)(5).

{¶6}  The matter was submitted to the jury and, during deliberations, the jury sent a question to the trial court: "As it pertains to this case we need the defenition(sic) to the word another." The court responded that "You have been provided all necessary and appropriate definitions." The jury returned a guilty verdict.

{¶7}  During the sentencing hearing the trial court stated: "It seems to me that the Legislature indicated that when a pregnant person ingests drugs, that there is a more serious consequence to that because of the fetus the mother's carrying and that, therefore, it's an F1, a felony of the first degree, with mandatory time attached to that." (Sentencing Transcript, page 12, lines 14-19).

{¶8}  Hollingshead was sentenced to a mandatory prison term of 8 to 12 years and subsequently filed a timely appeal with one assignment of error.

{¶9} "I. MRS. HOLLINGSHEAD'S CONVICTION IS NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE. *STATE V. THOMPKINS,* 78 OHIO ST.3D 380, 678 N.E.2D 541 (1997); SENTENCING ENTRY, *STATE V. HOLLINGSHEAD*, MUSKINGUM C.P. CR 2021-0494, MAY 17, 2022."

## STANDARD OF REVIEW

{¶10} The facts in this case are not contested as Hollingshead has admitted that she was a pregnant woman who ingested drugs during her pregnancy. The only issue raised by the appeal is whether R.C. 2925.02(A)(5) criminalizes her behavior. Though the argument is couched in terms that claim that the trial court's decision lacked sufficient evidential support, resolution of the appeal requires construction of the language of a statute. "As a general rule, issues of statutory construction are reviewed de novo by appellate courts." *Divernuity Properties, L.L.C. v. Stark Cty. Bd. of Revision*, 5th Dist. Stark No. 2012 CA 00048, 2012-Ohio-4364, 2012 WL 4358627, ¶ 16 as quoted in *State v. Mason,* 5th Dist. No. CT2017-0083, 2018-Ohio-3329, 118 N.E.3d 1057, ¶ 16.

## ANALYSIS

{¶11} The resolution of this appeal rests upon the meaning of the statute under which Hollingshead was charged and, specifically, whether R.C. 2925.02(A)(5) prohibits a pregnant woman from ingesting a controlled substance. The trial court and the parties invested time and effort to guide the jury in the application of the statute, but the jury's question during deliberation suggests that it had questions regarding the meaning of the statute and the conflict between the name of the offense as set forth in subsection (C), "Corrupting Another With Drugs" and the state's argument that "another" was not necessary to violate subsection (A)(5).

## CORRUPTING ANOTHER WITH DRUGS IN JURY INSTRUCTIONS

**{¶12}** The jury in this matter was told that they had been "summoned as prospective jurors in a criminal case involving one count, one charge, corrupting another with drugs." (Trial Transcript, p. 6, lines 2-4). The State offered a different description of the offense stating "essentially it's whether or not she was using a Fentanyl-related compound when she was pregnant knowing that she was pregnant." *Id.* at p. 110, lines 17-20. During the trial, Hollingshead moved for dismissal contending that the statute required that the State prove that she furnished or administered the drugs to a pregnant woman other than herself. The trial court focused upon the fact that earlier subsections of the statute contain the word "another" and (A)(5), the section under which Hollingshead was charged, did not include that term. The State urged the jury to disregard the name of offense, explaining that "these names, these titles is (sic) what the Ohio legislature puts, it's kind of like the caption of like the section of the law." *Id.* at page 142, line 25 to page 143, line 2. The State offered its definition of the terms "furnish" and "administer": "But essentially that just means giving drugs to someone." *Id.* at page 143, lines 19-20. The State even altered the language of the statute during closing argument contending that the only issue was whether Holllingshead "was pregnant and a woman, and she gave drugs to a pregnant woman" substituting the word "gave" for "furnished" or "administered." *Id.* at page 149, lines 1-2.

**{¶13}** In the jury instructions, the trial court states that "[i]n the indictment the defendant is charged with corrupting another with drugs" and repeated that "[b]efore you find the defendant guilty of corrupting another of(sic) drugs" then reviewed the elements of the offense that the jury must consider. *Id.* at page 153, line 24 to page 154, line 2. The

jury instructions also contain alternative means of committing the offense of "corrupting another with drugs." *Id.* at page 156, lines 15-16.

**{¶14}** Despite the State's attempt to persuade the jury that the term "another" was not part of the charge, and perhaps because the jury instructions contained repeated references to "corrupting another with drugs" the jury sent the judge a question that supports a conclusion that they were troubled by the name of the offense and the state's assertions. The jury asked: "As it pertains to this case, we need the definition to the word another." *Id.* at p. 162, lines 5-6. The trial court answered by stating "You have been provided all necessary and appropriate definitions * * *" *Id.* at p. 162, lines 6-8.

## AMBIGUITY

**{¶15}** The first issue we must resolve is whether the statute suffers from any ambiguity. If R.C. 2925.02(A)(5) is unambiguous, "it "is to be applied, not interpreted." *Sears v. Weimer*, 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph five of the syllabus as quoted in *Stewart v. Vivian*, 151 Ohio St.3d 574, 2017-Ohio-7526, 91 N.E.3d 716, ¶ 30. The State insists that R.C. 2925.02(A)(5) is not ambiguous but is clear and unequivocal. "A statute is ambiguous if its language is susceptible of more than one reasonable interpretation" *In re J.D.,* 10th Dist. No. 06AP-995, 172 Ohio App.3d 288, 2007-Ohio-3279, 874 N.E.2d 858, ¶ 11 or "'if a reasonable person can find different meanings in the [statutory language] and if good arguments can be made for either of two contrary positions.' " *(Citations omitted.) Smith v. Farmer*, 2nd Dist. No. 29524, 2022-Ohio-4180, 201 N.E.3d 988, ¶ 42. The parties have presented reasonable arguments that R.C. 2925.02(A)(5) can apply to a pregnant woman who takes drugs as that section makes no reference to "another" within its terms and that it applies only when a third party is

"corrupted" as the statute concludes that a violation of that subsection is the crime of Corrupting Another with Drugs. (R.C. 2925.02(C)). We conclude that the statute is susceptible of more than one reasonable interpretation and therefore suffers from sufficient ambiguity to trigger further review and construction of the language of the statute and the relevant subsection.

## CONSTRUCTION

When considering the meaning of a statute, our "'paramount concern is the legislative intent' of its enactment." *State ex rel. Steffen v. First Dist. Court of Appeals,* 126 Ohio St.3d 405, 2010-Ohio-2430, 934 N.E.2d 906, ¶ 30, quoting *State ex rel. Steele v. Morrissey,* 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 21. [Our review must include the complete text of R.C. 2925.02] [b]ecause a statute must be considered as a whole, [and] "a court cannot pick out one sentence and disassociate it from the context, but must look to the four corners of the enactment to determine the intent of the enacting body." *State v. Wilson,* 77 Ohio St.3d 334, 336, 673 N.E.2d 1347 (1997). When considering the four corners of an enactment, we "consider the statutory language in context, construing words and phrases in accordance with rules of grammar and common usage." *State Farm Mut. Auto. Ins. Co. v. Grace*, 123 Ohio St.3d 471, 2009-Ohio-5934, 918 N.E.2d 135, ¶ 25.

*Electronic Classroom of Tomorrow v. Ohio Dept. of Education,* 154 Ohio St.3d 584, 2018-Ohio-3126, 118 N.E.3d 907. ⁋ 11.

**{¶16}** The guidance provided by the Supreme Court of Ohio requires that we begin our analysis with the consideration of the entire statute before addressing the meaning of subsection (A)(5) within context of the "four corners of the enactment." Revised Code 2925.02 provides:

(A)     No person shall knowingly do any of the following:

(1)     By force, threat, or deception, administer to another or induce or cause another to use a controlled substance;

(2)     By any means, administer or furnish to another or induce or cause another to use a controlled substance with purpose to cause serious physical harm to the other person, or with purpose to cause the other person to become a person with drug dependency;

(3)     By any means, administer or furnish to another or induce or cause another to use a controlled substance, and thereby cause serious physical harm to the other person, or cause the other person to become a person with drug dependency;

(4)     By any means, do any of the following:

(a)     Furnish or administer a controlled substance to a juvenile who is at least two years the offender's junior, when the offender knows the age of the juvenile or is reckless in that regard;

(b)     Induce or cause a juvenile who is at least two years the offender's junior to use a controlled substance, when the offender knows the age of the juvenile or is reckless in that regard;

(c)     Induce or cause a juvenile who is at least two years the offender's junior to commit a felony drug abuse offense, when the offender knows the age of the juvenile or is reckless in that regard;

(d)     Use a juvenile, whether or not the offender knows the age of the juvenile, to perform any surveillance activity that is intended to prevent the detection of the offender or any other person in the commission of a felony drug abuse offense or to prevent the arrest of the offender or any other person for the commission of a felony drug abuse offense.

(5)     By any means, furnish or administer a controlled substance to a pregnant woman or induce or cause a pregnant woman to use a controlled substance, when the offender knows that the woman is pregnant or is reckless in that regard.

(B)     Division (A)(1), (3), (4), or (5) of this section does not apply to manufacturers, wholesalers, licensed health professionals authorized to prescribe drugs, pharmacists, owners of pharmacies, and other persons whose conduct is in accordance with Chapters 3719., 4715., 4723., 4729., 4730., 4731., and 4741. of the Revised Code.

(C)     Whoever violates this section is guilty of corrupting another with drugs. * * * [1]

---

[1] The statute continues thereafter with detailed information regarding penalties. We have considered that language to the extent that it is relevant, but we have purposely omitted including it within our opinion because our analysis focuses primarily on that portion of the statute set out in our opinion.

{¶17} This code section is captioned "Corrupting Another with Drugs" and, while we recognize that this caption is not part of the law (R.C. 1.01) and that the caption does not control the subject matter of the statute "'it is proper to look to the title to ascertain the legislative purpose and intent'. (*Commercial Credit Co. v. Schreyer,* 120 Ohio St. 568 at page 574, 166 N.E. 808 at page 810) * * *'" as quoted in *State ex rel. Wise v. Miller*, 5th Dist. Holmes No. 01-CA-002, 2001 WL 1773878, *2. The Supreme Court of Ohio has explained that while not part of the substantive law, "* * *, it is proper to look to the title to ascertain the legislative purpose and intent, and, if the body of the act contains no language which is in conflict with that expressed purpose, the inquiry is greatly facilitated. The force to be given to a title as a factor in interpretation of a statute in the state of Ohio surpasses that to be given in some of the states, because section 16, article II, of our Constitution, requires: 'No bill shall contain more than one subject, which shall be clearly expressed in its title.'" *Commercial Credit Co. v. Schreyer*, 120 Ohio St. 568, 574, 166 N.E. 808, 810, 7 Ohio Law Abs. 333 (1929)[2].

{¶18} We acknowledge that the title is often the work of the company publishing the code and not the result of legislative action. In the matter before us, the caption of R.C. 2925.02 is drawn from subsection (C) of the statute which provides that "Whoever violates this section is guilty of corrupting another with drugs." It is a basic tenet of statutory construction that "the General Assembly is not presumed to do a vain or useless thing, and that when language is inserted in a statute it is inserted to accomplish some definite purpose." *State ex rel. Cleveland Elec. Illum. Co. v. Euclid* (1959), 169 Ohio St. 476, 479, 8 O.O.2d 480, 482, 159 N.E.2d 756, 759 as quoted in *State v. Wilson*, 77 Ohio

---

[2] This language now appears in Article II, Section 15(D) and is otherwise unchanged.

St.3d 334, 336, 673 N.E.2d 1347, 1349 (1997). The caption, therefore, bears some relevance to legislative intent.

**{¶19}** The legislation in which section (A)(5) was added to the statute describes as one of its purposes "To amend sections 2925.02 * * * to modify the offense of 'corrupting another with drugs' * * *." (Am. Sub. H.B. No. 394, p. 1). A predecessor to the adopted statute proposed increasing "the penalty for 'corrupting another with drugs' when the offense involves administering or furnishing a controlled substance to another or inducing or causing another to use a controlled substance and the subject of the offense is a woman that the offender knew or had reasonable cause to believe was pregnant at the time of the offense." (Ohio Legislative Service Bill Analysis, H.B. 317, p. 3).

**{¶20}** The caption of the statute, as drawn from the text of the statute, and the legislative history of the statute support a conclusion that the statute was drafted to prohibit an offender from corrupting *another* with a controlled substance and that, in subsection (A)(5), the other is the pregnant woman.

**{¶21}** The text of the statute, when considered as a whole, leads to the same conclusion. Subsections (A)(1), (2) and (3) expressly refer to the offender administering or furnishing drugs to "another." Sub(A)(4)(a)-(c) replace the term "another" with a reference to a juvenile "who is at least two years the offender's junior." Subsection (4)(d) does not set an age limit, but limits the offense to the use of "a juvenile" in place of the term another.

**{¶22}** As noted by the trial court, subsection (A)(5) does not contain the term "another." In this subsection, the Legislature has substituted the phrase "pregnant woman" for "another." Our conclusion that Legislature has substituted terms for the word

"another" and intend a reference to a person other than the offender is supported by the language of subsection (C) of the statute which states that "[w]hoever violates this section is guilty of corrupting another with drugs." This subsection supplies subsection (A)(4)(d) and (A)(5) with the missing term "another" otherwise expressed in the language of the prior subsections.[3] The State's interpretation of the statute would render subsection (C) meaningless, a conclusion warned against in *Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, 929 N.E.2d 448, ¶¶ 20-21:

> Our role, as this court recognized in *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.*(1917), 95 Ohio St. 367, 373, 116 N.E. 516, is to evaluate a statute "as a whole and  **452 giv[e] such interpretation as will give effect to every word and clause in it. No part should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative." Indeed, as we determined in *Weaver v. Edwin Shaw Hosp.,* 104 Ohio St.3d 390, 2004-Ohio-6549, 819 N.E.2d 1079, statutes " 'may not be restricted, constricted, qualified, narrowed, enlarged or abridged; significance and effect should, if possible, be accorded to every word, phrase, sentence and part of an act.' " *Id.* at ¶ 13, quoting *Wachendorf v. Shaver* (1948), 149 Ohio St. 231, 36 O.O. 554, 78 N.E.2d 370, paragraph five of the syllabus.

---

[3]If we follow the logic of the State, subsection (A)(4)(d) could be interpreted as applying to any juvenile who, during the commission of a felony drug abuse offense, commits any act that might be interpreted as surveillance to prevent his own detection or any act that would prevent his own arrest.

{¶23} We may not disregard subsection (C) because "the General Assembly is not presumed to do a vain or useless thing, and that when language is inserted in a statute it is inserted to accomplish some definite purpose." *State ex rel. Cleveland Elec. Illum. Co. v. Euclid* (1959), 169 Ohio St. 476, 479, 8 O.O.2d 480, 482, 159 N.E.2d 756, 759 as quoted in *State v. Wilson,* 77 Ohio St.3d 334, 336, 673 N.E.2d 1347, 1349 (1997).

{¶24} The State's position that subsection (A)(5) supports a charge against a pregnant woman for corrupting herself with drugs cannot be reconciled with the plain language of subsection (C) of the statute describing the offense as "corrupting another with drugs" without creating a conflict between the two sections. The conflict might be resolved by ignoring subsection (C) or by finding that subsection (A)(5) requires that the pregnant woman to be someone other than the offender. We favor the latter solution as it gives effect to every word within the statute and avoids a construction that would render the provision meaningless. *State ex rel Myers, supra,* page 373.

{¶25} There are many sections of the code that follow the same pattern as R.C. 2925.02 in which different prohibited behaviors are described and the Legislature concludes by stating that "whoever violates this section is guilty of" followed by a concise description of the offense. In those statutes we have reviewed, the description provided by the Legislature supplies the basic required elements of the offense, and the preceding subsections refine those elements. For example, R.C. 2917.12(B) states that [w]hoever violates this section is guilty of disturbing a lawful meeting" and subsections (A)(1)-(2) describe acts that can reasonably be viewed as a means by which a lawful meeting might be disturbed.

{¶26} In the case before us, the relevant section states '[w]hoever violates this section is guilty of corrupting another with drugs" so, to be consistent with other code sections following the same structure, we would interpret the preceding sections as describing how *another* can be corrupted with drugs. The Legislature has offered guidance to interpretation of this statutory format throughout the Revised Code and we are bound to apply those guidelines in this case. Those preceding sections must be consistent with the description "corrupting another" for the statute to remain internally consistent and for the interpretation of the statute to be consistent with the format used throughout the Revised Code.

{¶27} We find further support for our conclusion that subsection (A)(5) refers to "corrupting another" in the terms used within it. The Revised Code requires that we read words and phrases in context and construe them "according to the rules of grammar and common usage." R.C. 1.42. The terms "administer" and "furnish" are more commonly used in the context of a second person. While a person can self "administer" a controlled substance or "furnish" it to herself without violating rules of grammar, we find that is not common usage of those words. "Administer" is defined as "the direct application of a drug, whether by injection, inhalation, ingestion, or any other means to a person or an animal" and does not include ingesting a drug. R.C. 2925.01(A) and 3719.01; Trial Transcript, p. 154, lines 23-25. "Furnish" can mean "supply with what is needed" or "supply, give." *Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/furnish. Accessed 1 May. 2023* or "'[t]o supply, provide, or equip, for accomplishment of a particular purpose.' " *State v. Schwab,* 4th Dist. Athens No. 12CA39, 2014-Ohio-336, 2014 WL 356628, ¶ 9 as quoted in *State v. Haynes,* 6th

Dist. No. WD-18-087, 2020-Ohio-1049, 152 N.E.3d 1217, ¶ 30. The jury instruction in this case defined "furnish" as "provided, supplied, or gave access to." (Trial Transcript, p. 154, line 22). These definitions would create an absurd result in the context of this statute as the offender cannot supply or give herself something without already possessing it.

{¶28} Though not applicable to the case before us, the statute also prohibits the offender from inducing or causing a pregnant woman to use a controlled substance. "Induce" is defined as "to move by persuasion or influence", "to call forth or bring about by influence or stimulation" Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/induce. Accessed 1 May. 2023 or and "cause" is "to serve as a cause or occasion of" or "to compel by command, authority, or force." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/cause. Accessed 1 May. 2023. Both terms are not commonly used to refer to a person ingesting a controlled substance.

{¶29} A basic tenet of statutory interpretation is "statutes [are] construed to avoid unreasonable or absurd consequences." *State ex rel. Dispatch Printing Co. v. Wells*, 18 Ohio St.3d 382, 384, 481 N.E.2d 632 (1985) as quoted in *State ex rel. Susier Co., LLC v. City of New Philadelphia*, 5th Dist. No. 2016AP080040, 2017-Ohio-8139, 98 N.E.3d 1254, ¶ 10. The state's construction of R.C. 2925.02 would require use of the terms administer, furnish, induce and cause in ways that are inconsistent with common usage which require an offender to furnish herself a controlled substance or induce or cause herself to use it. Those results are unreasonable and violate the rules of statutory interpretation.

{¶30} The State's interpretation of R.C. 2925.02(A)(5) also creates a situation where Hollingshead, after being convicted of this felony, is an offender (R.C. 2929.01(Z))

and is simultaneously a victim of the offense who was harmed by a crime and may have suffered economic loss. R.C. 2929.01(L); *State v. Allen,* 159 Ohio St.3d 75, 2019-Ohio-4757, 147 N.E.3d 618. These facts raise the specter of a situation where the trial court must decide how to comply with the mandatory sections of R.C. 2929.18 and 2929.281 that require the trial court to "sentence the offender to make restitution." The facts as presented suggest that the trial court must order Hollingshead to pay restitution to herself, an absurd result that supplies further support for the conclusion that R.C. 2925.02(A)(5) was not intended to apply when a pregnant woman ingests a controlled substance.

**{¶31}** The fact that the Legislature inserted this provision in a statute commonly referenced as "Corrupting Another with Drugs" and did not amend a different section of the Code or adopt a new provision that would stand alone is further evidence that the Legislature intended the offender and the pregnant woman to be different people, the pregnant woman being substituted for the "another" described in subsection (C). "[A]ll legislatures are presumed to act with a knowledge of existing law, *Summit Beach v. Glander,* 153 Ohio St. 147, 150, 91 N.E.2d 10, 11 (1950); the legislature are presumed to know the existing statutes, and the state of the law, relating to the subjects with which they deal *State ex rel. Cromwell v. Myers*, 80 Ohio App. 357, 368, 49 Ohio Law Abs. 148, 73 N.E.2d 218, 223 (2nd Dist.1947). The Legislature was aware that this section was captioned "Corrupting Another with Drugs" and that a violation of its terms was expressly referenced in subsection (C) as "Corrupting Another with Drugs." The Legislature would also know that subsections of the statute described an offense that involved an offender and a victim who were different people. With that knowledge, they chose to add the amendment contained in subsection (A)(5). Our presumption of legislative knowledge of

the language and history of this section combined with the legislative action of selecting R.C. 2925.02 as the proper statute to amend lends further support that the pregnant woman described in the amendment is "another" person who is a victim and cannot simultaneously be the offender, consistent with the previously established structure of the statute.

**{¶32}** The legislative history, the act of the Legislature inserting the amendment into this statute, the language of the statute and the language of analogous statutes all support a conclusion that R.C. 2925.02 (A) (5) applies when an offender administers or furnishes a controlled substance to a pregnant woman when the pregnant woman is a person other than the offender.

**{¶33}** We hold that a conviction under R.C. 2925.02(A)(5) requires proof of facts that show that the offender and the pregnant woman described in the statute are two different people. The record in this case shows that the offender and the pregnant woman are the same person and, therefore the record contains insufficient evidence to support the conviction.

**{¶34}** Appellant's first assignment of error is well taken.

**{¶35}** The decision of the Muskingum County Court of Common Pleas convicting Hollingshead is hereby vacated as the record contains insufficient evidence to support a conviction beyond a reasonable doubt.

By: Baldwin, J.

Hoffman, P.J. and

King, J. concur.