[Cite as *In re M.D.*, 2023-Ohio-3315.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| M.D. | Case No. 2023 AP 02 0010 |
| DELINQUENT CHILD | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas, Juvenile Division, Case No. 22 JD 00299

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     September 18, 2023

APPEARANCES:

For Appellant

JEFFREY M. KIGGANS
TUSCARAWAS CJFS
389 16th Street, SW
New Philadelphia, Ohio 44663

Guardian ad Litem

MARY WARLOP
116 Cleveland Avenue, NW
Canton, Ohio 44702

For Appellee M.D.

LISA L. CALDWELL
TUSC. COUNTY PUBLIC DEFENDER
203 Fair Avenue, NE
New Philadelphia, Ohio 44663

Tuscarawas County Prosecutor's Office

DOUGLAS JACKSON
125 East High Street
New Philadelphia, Ohio 44663

*Wise, J.*

{¶1}    Appellant, Tuscarawas County Job and Family Services, appeals the decision of the Tuscarawas County Court of Common Pleas, Juvenile Division ("trial court"), which granted temporary custody of M.D. ("Appellee") to Appellant. The following facts give rise to this appeal.

## FACTS AND PROCEDURAL HISTORY

{¶2}    On July 29, 2022, Appellee was placed into the legal custody of Tifanie and Jason Kukwa by Stark County Court of Common Pleas, Juvenile Division at the conclusion of an abuse, neglect, and dependency case, 2021 JCV 00298. The Kukwas currently reside in Tuscarawas County.

{¶3}    After placement with the Kukwas, Appellee had problems leading to the filing of an unruly case in the trial court. After Appellee violated the terms and conditions placed on Appellee by the trial court, a delinquency case was brought against Appellee.

{¶4}    On November 22, 2022, Appellee stipulated to the delinquency charge.

{¶5}    On January 18, 2023, the child was placed into the temporary custody of Appellant by the trial court.

## ASSIGNMENTS OF ERROR

{¶6}    Appellant timely filed her notice of appeal and raises the following Assignment of Error:

{¶7}    "I. THE TUSCARAWAS COUNTY JUVENILE COURT DID NOT HAVE JURISDICTION TO PLACE M.D. INTO THE TEMPORARY CUSTODY OF TUSCARAWAS COUNTY JOB & FAMILY SERVICES. THE APPROPRIATE COURT TO

DECIDE CUSTODY OF THE CHILD IS THE STARK COUNTY FAMILY COURT PURSUANT TO 2151.353(K)."

**I.**

**{¶8}** In Appellant's sole Assignment of Error, Appellant argues the trial court lacked jurisdiction to place Appellee in the temporary custody of Appellant. We agree.

**{¶9}** R.C. §2152.19 states, in pertinent part:

(A)     If a child is adjudicated a delinquent child, the court may make any of the following orders of disposition, in addition to any other disposition authorized or required by this chapter:

(1)     Any order that is authorized by section 2151.353 of the Revised Code for the care and protection of an abused, neglected, or dependent child[.]

**{¶10}** R.C. §2151.353 states, in pertinent part:

(A)     If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:

(1)     Place the child in protective supervision;

(2)     Commit the child to the temporary custody of any of the following:

* * *

(f) Any other person approved by the court.

* * *

(F) (1) The court shall retain jurisdiction over any child for whom the court issues an order of disposition pursuant to division (A) of this section

or pursuant to section 2151.414 or 2151.415 of the Revised Code until the child attains the age of eighteen years if the child does not have a developmental disability or physical impairment, * * * or the child is adopted and a final decree of adoption is issued[.]

* * *

(K) The jurisdiction of the court shall terminate one year after the date of the award or, if the court takes any further action in the matter subsequent to the award, the date of the latest further action subsequent to the award, if the court awards legal custody of a child to either of the following:

(1) A legal custodian who, at the time of the award of legal custody, resides in a county of this state other than the county in which the court is located;

(2) A legal custodian who resides in the county in which the court is located at the time of the award of legal custody, but moves to a different county of this state prior to one year after the date of the award or, if the court takes any further action in the matter subsequent to the award, one year after the date of the latest further action subsequent to the award.

{¶11} Appellant argues "the matter" referred to in R.C. §2151.353(K), means a custody determination, allowing the trial court granting custody to retain jurisdiction for one year after the date of the latest action in the custody determination. However, looking at the statute as a whole, we find the State Legislature meant "the matter" to be the original abuse, neglect and dependency case. The title of R.C. §2151.353(K) is

Disposition of Abused, Neglected, or Dependent Child.  In *State v. Hollingshead*, 5th Dist. Muskingum No. CT2022-0031, 2023-Ohio-1714, ¶17, this Court has noted:

> [W]hile we recognize that this caption is not part of the law and that the caption does not control the subject matter of the statute " 'it is proper to look to the title to ascertain the legislative purpose and intent.' (*Commercial Credit Co. v. Schreyer*, 120 Ohio St. 568, at page 574, 166 N.E. 808, at page 810) * * *" as quoted in *State ex rel. Wise v. Miller*, 5th Dist. Holmes No. 01-CA-002, 2001 WL 1773878, *2." The Supreme Court of Ohio has explained that while not part of the substantive law, "* * *, it is proper to look to the title to ascertain the legislative purpose and intent, and, if the body of the act contains no language which is in conflict with that expressed purpose, the inquiry is greatly facilitated. The force to be given to a title as a factor in interpretation of a statute in the state of Ohio surpasses that to be given in some of the states, because section 16, article II, of our Constitution, requires: 'No bill shall contain more than one subject, which shall be clearly expressed in its title.' " *Commercial Credit Co. v. Schreyer*, 120 Ohio St. 568, 574, 166 N.E. 808, 810, 7 Ohio Law Abs. 333 (1929).[1]

{¶12}  In the case *sub judice*, the title is drawn from subsection (A) of the statute which provides that "[i]f a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition." A basic tenant of statutory construction is "the General Assembly is not presumed to do a vain or useless thing, and

---

[1]  This language now appears in Article II, Section 15(D) of the Ohio Constitution.

that when language is inserted in a statute it is inserted to accomplish some definite purpose." *State ex rel. Cleveland Elec. Illum. Co. v. Euclid* (1959), 169 Ohio St. 476, 479, 8 O.O.2d 480, 482, 159 N.E.2d 756, 759 as quoted in *State v. Wilson*, 77 Ohio St.3d 334, 336, 673 N.E.2d 1347, 1349 (1997). Subsection (K) of the statute then grants the original trial court jurisdiction over "the matter" for a period of one year if the legal custodian does not reside in the same county as the trial court.

**{¶13}** Accordingly, we find that the "matter" referenced in R.C. §2151.353(K) is the adjudication of a child as abused, neglected, or dependent.  As such, we must look to R.C. §2151.353(F)(1) to determine which court maintains jurisdiction over the custody of the child. As the Stark County Court of Common Pleas, Juvenile Division, issued an order of disposition pursuant to R.C. §2151.353(A) granting legal custody of Appellee to the Kukwas, Stark County Court of Common Pleas, Juvenile Division, retains jurisdiction over the custody of the child pursuant to R.C. §2151.353(F)(1).

**{¶14}** Appellant's sole Assignment of Error is sustained.

**{¶15}** For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division of Tuscarawas County, Ohio is reversed and remanded for further proceedings consistent with the law and this Opinion.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

JWW/br  0906